IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERMARINE, LLC, | § § | |
| Plaintiff | § § | |
| v. | § § § | C.A. NO. 4:14-cv-00145 |
| SPLIETHOFF BEVRACHTINGSKANTOOR B.V., SPLIETHOFF AMERICAS, INC., and KASPER BIHLET, | § § § § § | |
| Defendants | § § | |

## ORIGINAL ANSWER OF SPLIETHOFF AMERICAS, INC.

NOW COMES Spliethoff Americas, Inc. (Spliethoff Americas) and files its Answer to Plaintiff's Complaint and would respectfully show as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Spliethoff Americas would show that Plaintiff's Complaint should be dismissed for failure to state a cause of action against Spliethoff Americas upon which relief can be granted.

### SECOND DEFENSE

In reference to the specific allegations of Plaintiff's Complaint, and subject to the defense above, Spliethoff Americas would show as follows:

### RESPONSE TO PLAINTIFF'S PARTIES' ALLEGATIONS

1.  Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 1 of Plaintiff's Complaint.

22427: 4PCLH2111.WAD

2. Spliethoff Americas admits that Spliethoff's Bevrachtingskantoor B.V. is a business entity organized under the laws of The Kingdom of the Netherlands with its principal place of business in Amsterdam, the Netherlands.

3. Spliethoff Americas admits the allegations contained within paragraph 3 of Plaintiff's Complaint.

4. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 4 of Plaintiff's Complaint.

5. Spliethoff Americas denies that this Court has jurisdiction over this action as set forth in Plaintiff's Complaint.

6. Spliethoff Americas admits the personal jurisdiction over Spliethoff Americas.

7. Spliethoff Americas would show that if jurisdiction exists, venue is proper.

8. Spliethoff Americas admits that Intermarine is in the marine business, but lacks information or knowledge sufficient to form a belief as to the extent of the services set forth in paragraph 8 of Plaintiff's Complaint.

9. Spliethoff Americas denies that it is a "direct competitor[s]" of Plaintiff.

10. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Spliethoff Americas admits that it was created as a U.S. subsidiary of Spliethoff's Bevrachtingskantoor and that some discussions and communications relating thereto occurred. The remaining allegations contained within paragraph 18 are denied.

19. Spliethoff Americas was not in existence at the relevant time in December 2012 and cannot admit or deny the allegations contained within paragraph 19 of Plaintiff's Complaint.

20. Spliethoff Americas lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 20 of Plaintiff's Complaint.

21. Spliethoff Americas admits that contracts were signed with Kasper Bihlet and Kyle Branting in March 2013. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21 of Plaintiff's Complaint.

22. Spliethoff Americas was aware that Bihlet had a contract with Intermarine and that some non-compete provisions applied, but did not know the terms and conditions of the agreement. The remaining allegations contained within paragraph 22 if Plaintiff's Complaint are denied.

23. Spliethoff Americas admits that it was incorporated on March 28, 2013. Spliethoff Americas denies the remaining allegations contained within paragraph 23 of Plaintiff's Complaint and objects to the joint reference of Spliethoff Americas, Inc. and Spliethoff's Bevrachtingskantoor B.V. collectively as "Spliethoff".

24. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of Plaintiff's Complaint.

25. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of Plaintiff's Complaint.

26. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of Plaintiff's Complaint.

27. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of Plaintiff's Complaint.

28. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of Plaintiff's Complaint.

29. Spliethoff Americas opened its Houston office effective May 1, 2013. Kyle Branting was Vice President, Business Development.

30. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30 of Plaintiff's Complaint.

31. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 31 of Plaintiff's Complaint.

32. Spliethoff Americas denies the allegations contained within paragraph 32 as pertaining to Spliethoff Americas. Spliethoff Americas lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 32 of Plaintiff's Complaint.

33. Spliethoff Americas denies the allegations contained within paragraph 33 as they pertain to Spliethoff Americas. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 33 of Plaintiff's Complaint.

34. Spliethoff Americas denies the allegations contained within paragraph 34 as they pertain to Spliethoff Americas. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 34 of Plaintiff's Complaint.

35. Spliethoff Americas denies the allegations contained within paragraph 35 of Plaintiff's Complaint.

36. Spliethoff Americas denies the allegations contained within paragraph 36 of Plaintiff's Complaint.

37. Spliethoff Americas denies the allegations contained within paragraph 37 of Plaintiff's Complaint.

38. Spliethoff Americas denies the allegations contained within paragraph 38 of Plaintiff's Complaint.

## RESPONSE TO PLAINTIFF'S CLAIMS

1. Spliethoff Americas incorporates the responses as set forth above.

2. Spliethoff Americas lacks information sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of Plaintiff's Complaint.

3. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 3 of Plaintiff's Complaint.

4. Spliethoff Americas lacks information sufficient to form a belief as to the truth of the allegations contained within paragraph 4 of Plaintiff's Complaint.

5. Spliethoff Americas lacks information sufficient to form a belief as to the truth of the allegations contained within paragraph 5 of Plaintiff's Complaint.

6. Spliethoff Americas lacks information sufficient to form a belief as to the truth of the allegations contained within paragraph 6 of Plaintiff's Complaint.

7. Spliethoff Americas denies the allegations contained within paragraph 7 of Plaintiff's Complaint.

8. Spliethoff Americas denies the allegations contained within paragraph 8 of Plaintiff's Complaint.

9. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 of Plaintiff's Complaint.

10. Spliethoff Americas denies that Plaintiff is entitled to any injunctive relief as pled.

11. Spliethoff Americas incorporates the responses as set forth above.

12. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 of Plaintiff's Complaint.

13. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 of Plaintiff's Complaint.

14. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of Plaintiff's Complaint.

15. Spliethoff Americas denies the allegations contained within paragraph 15 as they might relate to Spliethoff Americas. Otherwise, Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 15 of Plaintiff's Complaint.

16. Spliethoff Americas denies that Intermarine has suffered any compensatory damages as alleged in paragraph 16 of Plaintiff's Complaint.

17. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 17 of Plaintiff's Complaint.

18. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 18 as a cause of action is not as to them and calls for a legal conclusion.

19. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 19 as the relief sought is not related to Spliethoff Americas.

20. Spliethoff Americas incorporates the responses as set forth above.

21. Spliethoff Americas denies the allegations contained within paragraph 21 of Plaintiff's Complaint.

22. Spliethoff Americas denies the allegations contained within paragraph 22 of Plaintiff's Complaint.

23. Spliethoff Americas denies the allegations contained within paragraph 23 of Plaintiff's Complaint.

24. Spliethoff Americas denies the allegations contained within paragraph 24 of Plaintiff's Complaint.

25. Spliethoff Americas incorporates the responses as set forth above.

26. Spliethoff Americas denies the allegations contained within paragraph 26 of Plaintiff's Complaint.

27. Spliethoff Americas denies the allegations contained within paragraph 27 of Plaintiff's Complaint.

28. Spliethoff Americas denies the allegations contained within paragraph 28 of Plaintiff's Complaint.

29. Spliethoff Americas denies the allegations contained within paragraph 29 of Plaintiff's Complaint.

30. Spliethoff Americas incorporates the responses as set forth above.

31. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 31 of Plaintiff's Complaint.

32. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 32 of Plaintiff's Complaint.

33. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 33 of Plaintiff's Complaint.

34. Spliethoff Americas is not required to admit or deny the allegations contained within paragraph 34 of Plaintiff's Complaint.

35. Spliethoff Americas incorporates the responses as set forth above.

36. Spliethoff Americas is not required to admit or deny the legal conclusions contained within paragraph 36 of Plaintiff's Complaint. Subject to the foregoing, Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the allegations contained within paragraph 36 of Plaintiff's Complaint.

37. Spliethoff Americas is not required to admit or deny the legal conclusions contained within paragraph 37 of Plaintiff's Complaint. Subject to the foregoing, Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the allegations contained within paragraph 37 of Plaintiff's Complaint.

38. Spliethoff Americas denies the allegations contained within paragraph 38 of Plaintiff's Complaint.

39. Spliethoff Americas denies the allegations contained within paragraph 39 of Plaintiff's Complaint.

40. Spliethoff Americas denies the allegations contained within paragraph 40 of Plaintiff's Complaint.

41. Spliethoff Americas denies the allegations contained within paragraph 41 of Plaintiff's Complaint.

42. Spliethoff Americas denies the allegations contained within paragraph 42 of Plaintiff's Complaint.

43. Spliethoff Americas incorporates the responses as set forth above.

44. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 44 of Plaintiff's Complaint.

45. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 45 of Plaintiff's Complaint.

46. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 46 of Plaintiff's Complaint.

47. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 47 of Plaintiff's Complaint.

48. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 48 of Plaintiff's Complaint.

49. Spliethoff Americas denies the allegations contained within paragraph 49 of Plaintiff's Complaint.

50. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 50 of Plaintiff's Complaint.

51. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 51 of Plaintiff's Complaint.

52. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 52 of Plaintiff's Complaint.

53. Spliethoff Americas incorporates the responses as set forth above.

54. Spliethoff Americas denies the allegations contained within paragraph 54 of Plaintiff's Complaint.

55. Spliethoff Americas denies the allegations contained within paragraph 55 of Plaintiff's Complaint.

56. Spliethoff Americas denies the allegations contained within paragraph 56 of Plaintiff's Complaint.

57. Spliethoff Americas denies the allegations contained within paragraph 57 of Plaintiff's Complaint.

58. Spliethoff Americas incorporates the responses as set forth above.

59. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 59 of Plaintiff's Complaint.

60. Spliethoff Americas denies the allegations contained within paragraph 60 of Plaintiff's Complaint.

61. Spliethoff Americas denies the allegations contained within paragraph 61 of Plaintiff's Complaint.

62. Spliethoff Americas denies the allegations contained within paragraph 62 of Plaintiff's Complaint.

63. Spliethoff Americas denies the allegations contained within paragraph 63 of Plaintiff's Complaint.

64. Spliethoff Americas denies the allegations contained within paragraph 64 of Plaintiff's Complaint.

65. Spliethoff Americas incorporates the responses as set forth above.

66. Spliethoff Americas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 66 of Plaintiff's Complaint.

67. Spliethoff Americas denies the allegations contained within paragraph 67 of Plaintiff's Complaint.

68. Spliethoff Americas denies the allegations contained within paragraph 68 of Plaintiff's Complaint.

69. Spliethoff Americas denies the allegations contained within paragraph 69 of Plaintiff's Complaint.

70. Spliethoff Americas denies the allegations contained within paragraph 70 of Plaintiff's Complaint.

71. Spliethoff Americas denies the allegations contained within paragraph 71 of Plaintiff's Complaint.

72. Spliethoff Americas incorporates the responses as set forth above.

73. Spliethoff Americas denies the allegations contained within paragraph 73 of Plaintiff's Complaint.

74. Spliethoff Americas denies the allegations contained within paragraph 74 of Plaintiff's Complaint.

75. Spliethoff Americas denies the allegations contained within paragraph 75 of Plaintiff's Complaint.

76. Spliethoff Americas denies the allegations contained within paragraph 76 of Plaintiff's Complaint.

77. Spliethoff Americas denies the allegations contained within paragraph 77 of Plaintiff's Complaint.

### THIRD DEFENSE

For further answer herein, if any be necessary, Defendant Spliethoff Americas would show that any information it may have received was information within the public domain reasonably accessible by any person or persons and was not the exclusive information, trade secrets, proprietary or confidential information of Plaintiff.

### FOURTH DEFENSE

For further answer herein, if any be necessary, Defendant Spliethoff Americas would show that Plaintiff has not suffered damages by virtue of any of the allegations asserted against Spliethoff Americas.

WHEREFORE, PREMISES CONSIDERED, Spliethoff Americas, Inc. respectfully requests that the Court enter judgment that Plaintiff take nothing by their suit and that Defendant Spliethoff Americas, Inc. be awarded its costs and attorney's fees in defense of the above

captioned matter and for such other and further relief, both in law and equity, as this Court may order.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefax

*Attorney for Defendant, Spliethoff Americas, Inc.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing Answer to the following counsel of record on this the 14th day of February, 2014.

Cecily L. Kaffer
The Kullman Firm
Post Office Box 1287
Mobile, AL 36633

Samuel Zurik, III
The Kullman Firm
Post Office Box 60118
New Orleans, LA 70160

William A. Durham