IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **INTERMARINE, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CASE NO. 4:14-CV-00145 |
| § | |
| **SPLIETHOFF BEVRACHTINGSKANTOOR** § | |
| **B.V., SPLIETHOFF AMERICAS, INC., and** § | |
| **KASPER BIHLET,** § | |
| § | |
| Defendants. § | |

## DEFENDANT KASPER BIHLET'S ORIGINAL ANSWER

Defendant Kasper Bihlet files his answer.

### *Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Intermarine, LLC's complaint should be dismissed for failure to state a claim against Kasper Bihlet upon which relief can be granted.

### *Plaintiff's party allegations*

1.  Kasper Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 1 of plaintiff's original complaint.

2.  Kasper Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 2 of plaintiff's original complaint.

3. Bihlet denies that Spliethoff Americas, Inc. is a wholly-owned subsidiary of Spliethoff Bevrachtingskantoor B.V., but admits the remainder of the allegations in paragraph 3 of plaintiff's original complaint.

4. Bihlet admits the allegations in paragraph 4 of plaintiff's original complaint.

***Plaintiff's jurisdiction and venue allegations***

5. In connection with paragraph 5 of plaintiff's original complaint, Bihlet admits that plaintiff purports to bring a claim under the counter fraud and abuse act, 18 U.S.C. § 1030, but denies that this Court has jurisdiction as set forth in paragraph 5 of plaintiff's complaint.

6. In connection with paragraph 6 of plaintiff's original complaint, Bihlet admits that the Court has personal jurisdiction over him.

7. In connection with paragraph 7, Bihlet admits that venue is proper in this district and division, and that he resides in Harris County, Texas, but denies that any acts or omissions give rise to any claim whatsoever.

***Plaintiff's factual allegations***

8. In connection with paragraph 8 of plaintiff's original complaint, Bihlet admits that Intermarine is a marine logistics and ocean transport provider that transports specialty cargos, including breakbulk, heavy lift, dry bulk, and project cargos, but denies worldwide transportation.

9. In connection with paragraph 9 of plaintiff's original complaint, Bihlet denies that Intermarine and the Spliethoff defendants are direct competitors, but admits that they are in specialized and competitive markets.

10.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 10 of plaintiff's original complaint.

11.     Bihlet admits the allegations in paragraph 11 of plaintiff's original complaint.

12.     Bihlet denies the majority of the allegations in paragraph 12, Bihlet admits that on or about September 27, 2012, he entered into an employment agreement with Intermarine, which could be terminated with ninety days notice, but denies the remainder of the allegations in paragraph 12.

13.     Bihlet denies the allegations in paragraph 13 of plaintiff's original complaint.

14.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 14 of plaintiff's original complaint.

15.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 15 of plaintiff's original complaint.

16.     Bihlet denies the allegations in paragraph 16 of plaintiff's original complaint.

17.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 17 of plaintiff's original complaint.

18. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's original complaint. Therefore Bihlet denies all allegations in paragraph 18 of plaintiff's original complaint.

19. Bihlet denies the allegations in paragraph 19 of plaintiff's original complaint.

20. Bihlet denies the allegations in paragraph 20 of plaintiff's original complaint.

21. Bihlet denies the allegations in paragraph 21 of plaintiff's original complaint.

22. Bihlet denies the allegations in paragraph 22 of plaintiff's original complaint.

23. Bihlet admits that Spliethoff Americas was incorporated on March 28, 2013, but denies the remainder of the allegations in paragraph 23 of plaintiff's original complaint.

24. Bihlet denies that he "told Intermarine that he did not know where he would go to work," but admits the remainder of the allegations in paragraph 24 of plaintiff's original complaint.

25. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 25 of plaintiff's original complaint.

26. Bihlet denies the allegations in paragraph 26 of plaintiff's original complaint.

27. Bihlet denies the allegations in paragraph 27 of plaintiff's original complaint.

28. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 28 of plaintiff's original complaint.

29. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 29 of plaintiff's original complaint.

30. Bihlet admits the allegations in paragraph 30 of plaintiff's original complaint.

31. Bihlet admits that his employment with Intermarine ended on or about June 26, 2013, but denies the remainder of the allegations in paragraph 31 of plaintiff's original complaint.

32. Bihlet denies the allegations in paragraph 32 of plaintiff's original complaint.

33. Bihlet denies the allegations in paragraph 33 of plaintiff's original complaint.

34. In connection with paragraph 34, Bihlet denies the allegations as they pertain to him, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 34 of plaintiff's original complaint.

35. Bihlet denies the allegations in paragraph 35 of plaintiff's original complaint.

36. Bihlet denies the allegations in paragraph 36 of plaintiff's original complaint.

37. Bihlet denies the allegations in paragraph 37 of plaintiff's original complaint.

38. Bihlet denies the allegations in paragraph 38 of plaintiff's original complaint.

***Plaintiff's claims***

1. There are no allegations in paragraph 1 of plaintiff's original complaint that Bihlet can admit or deny.

2. Bihlet denies the allegations in paragraph 2 of plaintiff's original complaint.

3. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 2 of plaintiff's original complaint.

4. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 4 of plaintiff's original complaint.

5. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 5 of plaintiff's original complaint.

6. Bihlet denies the allegations in paragraph 6 of plaintiff's original complaint.

7. Bihlet denies the allegations in paragraph 7 of plaintiff's original complaint.

8. Bihlet denies the allegations in paragraph 8 of plaintiff's original complaint.

9. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 9 of plaintiff's original complaint.

10. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 10 of plaintiff's original complaint.

11. There are no allegations in paragraph 11 of plaintiff's original complaint that Bihlet can admit or deny.

12. Bihlet is not required to admit or deny the allegations in paragraph 12 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 12 of plaintiff's original complaint.

13. Bihlet is not required to admit or deny the allegations in paragraph 13 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 13 of plaintiff's original complaint.

14. Bihlet denies all allegations in paragraph 14 of plaintiff's original complaint.

15. Bihlet denies the allegations in paragraph 15 of plaintiff's original complaint.

16. Bihlet denies the allegations in paragraph 16 of plaintiff's original complaint.

17. Bihlet denies the allegations in paragraph 17 of plaintiff's original complaint.

18. Bihlet denies the allegations in paragraph 18 of plaintiff's original complaint.

19. Bihlet denies that Intermarine is entitled to the injunctive relief requested in paragraph 19 of plaintiff's original complaint.

20. There are no allegations in paragraph 20 of plaintiff's original complaint that Bihlet can admit or deny.

21. Bihlet is not required to admit or deny the allegations in paragraph 21 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in 21 of plaintiff's original complaint.

22. Bihlet denies the allegations in paragraph 22 of plaintiff's original complaint.

23. Bihlet denies all allegations in paragraph 23 of plaintiff's original complaint.

24. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 24 of plaintiff's original complaint.

25. There are no allegations in paragraph 25 of plaintiff's original complaint that Bihlet can admit or deny.

26. Bihlet is not required to admit or deny the allegations in paragraph 26 because it calls for a legal conclusion. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of plaintiff's

original complaint. Therefore, Bihlet denies all allegations in paragraph 26 of plaintiff's original complaint.

27. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 27 of plaintiff's original complaint.

28. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 28 of plaintiff's original complaint.

29. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 29 of plaintiff's original complaint.

30. There are no allegations in paragraph 30 of plaintiff's original complaint that Bihlet can admit or deny.

31. Bihlet is not required to admit or deny the allegations in paragraph 31 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 31 of plaintiff's original complaint.

32. Bihlet is not required to admit or deny the allegations in paragraph 32 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 32 of plaintiff's original complaint.

33. Bihlet is not required to admit or deny the allegations in paragraph 33 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 33 of plaintiff's original complaint.

34. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 34 of plaintiff's original complaint.

35. There are no allegations in paragraph 35 of plaintiff's original complaint that Bihlet can admit or deny.

36. Bihlet is not required to admit or deny the allegations in paragraph 36 because it calls for a legal conclusion. In an excess of caution, Bihlet denies the allegations in paragraph 36 of plaintiff's original complaint.

37. Bihlet is not required to admit or deny the allegations in paragraph 37 because it calls for a legal conclusion. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 37 of plaintiff's original complaint.

38. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of plaintiff's original complaint. Therefore Bihlet denies all allegations in paragraph 38 of plaintiff's original complaint.

39. In connection with paragraph 39, Bihlet denies the allegations contained within paragraph 39 as they pertain to him. Bihlet is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of plaintiff's original complaint. Therefore, Bihlet denies all allegations in paragraph 39 of plaintiff's original complaint.

40.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 40 of plaintiff's original complaint.

41.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of plaintiff's original complaint.  Therefore Bihlet denies all allegations in paragraph 41 of plaintiff's original complaint.

42.     In connection with paragraph 42, Bihlet denies the allegations contained within paragraph 42 as they pertain to him.  Bihlet is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 42 of plaintiff's original complaint.

43.     There are no allegations in paragraph 43 of plaintiff's original complaint that Bihlet can admit or deny.

44.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of plaintiff's original complaint.  Therefore Bihlet denies all allegations in paragraph 44 of plaintiff's original complaint.

45.     Bihlet denies the allegations in paragraph 45 of plaintiff's original complaint.

46.     Bihlet denies the allegations in paragraph 46 of plaintiff's original complaint.

47.     Bihlet denies the allegations in paragraph 47 of plaintiff's original complaint.

48. Bihlet denies the allegations in paragraph 48 of plaintiff's original complaint.

49. Bihlet denies the allegations in paragraph 49 of plaintiff's original complaint.

50. Bihlet denies the allegations in paragraph 50 of plaintiff's original complaint.

51. Bihlet denies the allegations in paragraph 51 of plaintiff's original complaint.

52. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 52 of plaintiff's original complaint.

53. There are no allegations in paragraph 53 of plaintiff's original complaint that Bihlet can admit or deny.

54. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 54 of plaintiff's original complaint.

55. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 55 of plaintiff's original complaint.

56. Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 56 of plaintiff's original complaint.

57.     Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 57 of plaintiff's original complaint.

58.     There are no allegations in paragraph 58 of plaintiff's original complaint that Bihlet can admit or deny.

59.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 59 of plaintiff's original complaint.

60.     Bihlet denies the allegations in paragraph 60 of plaintiff's original complaint.

61.     Bihlet denies the allegations in paragraph 61 of plaintiff's original complaint.

62.     Bihlet denies the allegations in paragraph 62 of plaintiff's original complaint.

63.     Bihlet denies the allegations in paragraph 63 of plaintiff's original complaint.

64.     Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 64 of plaintiff's original complaint.

65.     There are no allegations in paragraph 65 of plaintiff's original complaint that Bihlet can admit or deny.

66.     Bihlet is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of plaintiff's original complaint.  Therefore, Bihlet denies all allegations in paragraph 66 of plaintiff's original complaint.

67. Bihlet denies the allegations in paragraph 67 of plaintiff's original complaint.

68. Bihlet denies the allegations in paragraph 68 of plaintiff's original complaint.

69. Bihlet denies the allegations in paragraph 69 of plaintiff's original complaint.

70. Bihlet denies the allegations in paragraph 70 of plaintiff's original complaint.

71. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 71 of plaintiff's original complaint.

72. There are no allegations in paragraph 72 of plaintiff's original complaint that Bihlet can admit or deny.

73. Bihlet denies the allegations in paragraph 73 of plaintiff's original complaint.

74. Bihlet denies the allegations in paragraph 74 of plaintiff's original complaint.

75. Bihlet denies the allegations in paragraph 75 of plaintiff's original complaint.

76. Bihlet denies the allegations in paragraph 76 of plaintiff's original complaint.

77. Bihlet denies Intermarine is entitled to the injunctive relief requested in paragraph 77 of plaintiff's original complaint.

78. Bihlet denies that Intermarine is entitled to any of the relief requested in its prayer.

***Kasper Bihlet's affirmative defenses***

1. The "otherwise enforceable agreement" to which the non-compete provisions must be ancillary is not supported by adequate consideration in that Bihlet was not provided with confidential information during the short term of his employment with Intermarine.

2. The non-compete/non-solicitation provisions are overbroad and are an unreasonable restraint on trade in that they:

   (a) preclude Bihlet from contracting transportation of "heavy-lift cargo, irregularly shaped cargo, project cargo, and break-bulk cargo" anywhere in the world, even though Bihlet did not contract transportation of any type of cargo to or from the United States, Central America, South America, Europe, and Africa (Employment Agreement, § 4.2);

   (b) preclude Bihlet from contracting transportation of heavy-lift cargo even though Bihlet did not contract transportation of heavy-lift cargo at Intermarine (Employment Agreement, § 4.2);

   (c) extend to Intermarine's customers and clients with whom Bihlet had no dealings during his employment (Employment Agreement, §§ 4.4(a), (b)); and

   (d) extend to Intermarine's affiliates' customers and clients with whom Bihlet had no dealings during his employment.  Employment Agreement, §§ 4.4(a), (b).

3. To the extent the non-compete/non-solicitation provisions are reformed by the Court, Intermarine is not entitled to recover damages purportedly incurred prior to reformation of the non-compete/non-solicitation provisions.  Tex. Bus. & Com. Code § 15.51(c).

4. The procedures and remedies set out in the Covenants Not to Compete Act, Texas Business and Commerce Code § 15.50, *et seq.,* preempt all other procedures and remedies in an action to enforce a non-compete agreement. Therefore, Intermarine is not entitled to recover on its various theories of recovery and is not entitled to an award of attorney's fees in this matter

***Prayer***

WHEREFORE, defendant Kasper Bihlet respectfully requests that the Court, after trial on the merits or summary determination, enter final judgment that plaintiff Intermarine, LLC take nothing on its claims and award Bihlet all relief to which he is justly entitled.

Respectfully submitted,

/s/ *Daniel W. Jackson*
Daniel W. Jackson, SBN 00796817
S.D. of Texas No. 20462
3900 Essex Lane, Suite 1116
Houston, Texas 77027
(713) 522-4435
(713) 527-8850 – fax
daniel@jacksonlaw-tx.com

Attorney-in-charge for Kasper Bihlet

**OF COUNSEL:**

The Jackson Law Firm
Burton G. Manne, SBN 12937900
S.D. of Texas No. 8820
3900 Essex Lane, Suite 1116
Houston, Texas 77027
(713) 522-4435
(713) 527-8850 – fax
burton@jacksonlaw-tx.com

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document has been served on counsel of record through the federal court electronic filing system and email on July 1, 2014:

Cecily L. Kaffner  
The Kullman Firm  
P.O. Box 1287  
Mobile, AL  36633

**Email:  clk@kullmanlaw.com**

Samuel Zurik, III  
The Kullman Firm  
P.O. Box 60118  
New Orleans, LA  70169

**Email:  sz@kullmanlaw.com**

William A. Durham  
Eastham, Watson, Dale & Forney  
808 Travis, Suite 1300  
Houston, TX  77002

**Email:  durham@easthamlaw.com**

                                            /s/ *Daniel W. Jackson*  
                                            Daniel W. Jackson