UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **INTERMARINE, LLC,** | ) |
| | ) CASE NO. 4:14-CV-00145 |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| **SPLIETHOFF BEVRACHTINGSKANTOOR B.V., SPLIETHOFF AMERICAS, INC., and KASPER BIHLET,** | ) ) ) ) |
| | ) |
| **Defendants** | ) |

**JOINT MOTION
TO MODIFY SCHEDULING AND DOCKET CONTROL ORDER**

Plaintiff Intermarine, LLC, and defendants Spliethoff Bevrachtingskantoor B.V., Spliethoff Americas, Inc., and Kasper Bihlet respectfully ask the Court to modify its April 2, 2014, "Scheduling and Docket Control Order" by extending the deadline for plaintiff's Rule 26 (a)(2)(C) expert witness disclosures from September 12, 2014, until November 14, 2014, and extending the deadline for defendants' expert disclosures to December 15, 2014. As grounds for the motion, the parties state that good cause exists for the amendment, as required by Rule 16(b)(4), *Fed.R.Civ.P.*, in that the parties have diligently pursued discovery, but cannot meet the existing deadlines despite due diligence.

In support of its motion, the parties state as follows:

1.  The Court's April 2, 2014, "Scheduling and Docket Control Order" established August 29, 2014, as the deadline for plaintiff's Rule 26 (a)(2)(C) expert witness disclosures; and October 3, 2014, for defendants' expert witness disclosures.

2.  At the August 5, 2014, hearing, the deadline for designation of expert witnesses was discussed. The Court extended the deadline by 14 days (from

August 29 until September 12, 2014) and recognized that a further extension might be needed. The parties agreed to work together in an effort to meet the deadlines and to advise the Court should an additional extension for expert designations be required.

3. The parties have been diligently working together in an attempt to narrow and resolve discovery issues. More specifically, the parties have by written communications and telephonic discussions identified specific information that will be obtained and provided regarding certain of the entities identified by Intermarine for whom contract or booking information has been requested. Additionally, limitations on disclosure of information by confidentiality terms in the agreements with such third parties will take additional time to resolve, including obtaining consent from third parties to the disclosure of information.

4. The parties are moving discovery forward; however, the logistical and contractual issues compel additional time for the providing of substantive information sufficient for the designation of experts. Additionally, the parties have resolved some issues and will likely be able to resolve other disputes; however, additional time is required for completion of such efforts. Expert witnesses cannot realistically be designated without additional time being allowed so that the parties can continue to work through the discovery issues and provide substantive information.

5. The parties anticipate that an additional 45 - 60 days will be realistically required before sufficient substantive information is available for the designation of expert witnesses. The parties requests that the Court modify the "Scheduling and Docket Control Order" by extending the deadline for plaintiff's expert witness disclosures to November 14, 2014, and for defendants' expert witness disclosures to December 15, 2014.

6. Rule 16(b)(4), *Fed.R.Civ.P.,* gives the Court authority to modify a schedule for good cause, a standard which focuses on the diligence of the party asking the Court to modify the scheduling order. *See Bazile v. City of Houston*, CIV.A H-08-2404, 2010 WL 181376 (S.D. Tex. Jan. 15, 2010); *Brock v. Baker Hughes Oilfield Operations, Inc.*, CIV.A. G-06-0554, 2008 WL 447502 (S.D. Tex. Feb. 19, 2008).

WHEREFORE, the parties respectfully ask the Court to modify its April 2, 2014, "Scheduling and Docket Control Order" by extending the deadline for plaintiff's Rule 26 (a)(2)(C) expert witness disclosures from September 12, 2014, to November 14, 2014, and extending the deadline for defendants' expert disclosures to December 15, 2014.

| | |
|---|---|
| **/s/Cecily L. Kaffer** | **/s/ William A Durham - by consent** |
| **Cecily L. Kaffer,** pro hac vice | **William A. Durham,** SBN 06281800 |
| Attorney-in-charge for Intermarine, LLC | Attorney-in-charge for Defendants Spliethoff Bevrachtingskantoor B.V., and Spliethoff Americas, Inc. |
| The Kullman Firm | |
| A Professional Law Corporation | Eastham, Watson, Dale & Forney, L.L.P. |
| Post Office Box 1287 | |
| Mobile, Alabama 36633 | The Niels Eperson Building |
| Telephone: (251) 432-1811 | 808 Travis Street, Ste. 1300 |
| Facsimile:   (251) 433-1230 | Houston, TX 77002 |
| clk@kullmanlaw.com | Telephone:  713-225-0905 |
| | Facsimile: 713-225-2907 |
| OF COUNSEL: | durham@easthamlaw.com |
| | |
| **Samuel Zurik, III** | **/s/ Daniel W. Jackson - by consent** |
| | **Daniel W. Jackson,** SBN 00796817 |
| Texas Bar No. LA24716 | Attorney-in-charge for Kasper Bihlet |
| | |
| The Kullman Firm | The Jackson Law Firm |
| A Professional Law Corporation | |
| | 3900 Essex Lane, Suite 1116 |
| Post Office Box 60118 | Houston, Texas 77027 |
| New Orleans, LA 70160 | Telephone:  (713) 522-4435 |
| Telephone: (504) 524-4162 | Facsimile:   (713) 527-8850 |
| sz@kullmanlaw.com | |
| | daniel@jacksonlaw-tx.com |
| Attorney for Intermarine, LLC | |